**Ruslan TSOMAIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States of America,[1] Respondent.**

**No. 07–2392–ag.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted as the respondent in this case.

Isabella Mayzel, Springfield, NJ, for Petitioner.

Sada Manickam (Allen W. Hausman, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for Peter D. Keisler, Assistant Attorney General, Washington, DC, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ruslan Tsomaia, a native of the former Soviet Union and a citizen of Georgia, seeks review of a May 8, 2007 order of the BIA denying his motions to reopen and to reconsider. *In re Ruslan Tsomaia*, No. A 77 714 381 (B.I.A. May 8, 2007); No. A 77 714 381 (B.I.A. Dec. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case, as well as the issues on appeal.

This Court reviews the BIA's denial of a motion to reopen or to reconsider for abuse of discretion. *See, e.g., Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (motion to reconsider); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (motion to reopen). Here, the BIA did not abuse its discretion in denying Tsomaia's motions to reopen and reconsider. The Board correctly determined that because he arrived in the U.S. as an alien crewman, Tsomaia is ineligible for the relief he currently seeks (adjustment of status to lawful permanent citizen). *See* 8 U.S.C. § 1255(c); 8 C.F.R. § 245.1(b)(2). Although this Court remanded the case to the BIA for reconsideration in light of recent amendments to the immigration regulations, those amendments relate only to 8 C.F.R. § § 245.1(c)(8) and 1245.1(c)(8), neither one of which applies in this case. *See* Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed.Reg. 27,587 (May 12, 2006) (to be codified at 8 C.F.R. pts. 1, 245, 1001, 1245). Tsomaia has neither demonstrated nor argued that he is eligible for adjustment of status under the alien crewman provision. Therefore, the BIA did not abuse its discretion in denying his motions on that ground.

Further, while we are not unsympathetic, we decline to address Tsomaia's arguments regarding the hardship that removal would cause his family. Those issues are not properly before us in this petition as they do not appear to have been raised below. *See, e.g., Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007) (noting that "[e]ven if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.